United States District Court
Southern District of Texas
ENTERED

MAR 0 9 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. B-06-801-S3 |
| ELOY SANCHEZ GUERRERO, ET AL | § | |

## OPINION & ORDER

BE IT REMEMBERED that on March 9, 2007, the Court **DENIED** Defendant Efren Flores, Jr.'s Motion to Sever Defendants and **DENIED** Defendant Efren Flores, Jr.'s Motion to Sever Counts. Dkt. Nos. 171, 172.

Defendant Efren Flores, Jr. ("Defendant") has been charged in a fifteen count indictment along with eight other defendants. Dkt. No. 177. Defendant was only indicted as to six of the counts, however. *Id.* at 1–2, 5–6, 7–25. Defendant was indicted in counts one, nine, ten, eleven, twelve, and fifteen, for conspiracy to possess with intent to distribute controlled substances, possession with intent to distribute various controlled substances, possession of firearms in relation to drug trafficking crimes, and participation in an ongoing criminal enterprise engaged in acts of illegal drug distribution and money laundering. *Id.* In four of these counts, charging Defendant with possession with intent to distribute controlled substances and possession of firearms, Defendant is the only person charged with the crime. *Id.* at 5–6. However, Defendant is one of six persons charged with participating in an ongoing criminal enterprise, and all nine of the persons charged have been indicted for conspiring to possess with intent to distribute controlled substances. *Id.* at 1–2, 7–25.

"Persons indicted together should ordinarily be tried together." United States v. Romanello, 726 F.2d 173 (5th Cir. 1984); *see also* Zafiro v. United States, 506 U.S. 534, 537 (1993); United States v. Martinez-Perez, 941 F.2d 295, 299 (5th Cir. 1991) (citation omitted); United States v. Webster, 734 F.2d 1048, 1052 (5th Cir. 1984) (citation

omitted). Moreover, under Federal Rule of Civil Procedure 8, "joinder is presumptively proper" and "is preferred in conspiracy cases." United States v. Simmons, 431 F.Supp.2d 38, 66 (D.D.C. 2006); see also Martinez-Perez, 941 F.2d at 299 (citation omitted); Webster, 734 F.2d at 1052 (citation omitted). Severance may, however, be granted under Federal Rule of Criminal Procedure 14(a), if joinder of offenses or defendants "appears to prejudice a defendant or the government." FED. R. CIV. P. 14(a); see also Martinez-Perez, 941 F.2d at 300; Webster, 734 F.2d at 1052. Nonetheless, "severance will be denied unless defendants can demonstrate substantial prejudice to their rights." Simmons, 431 F.Supp.2d at 66 (citing Zafiro, 506 U.S. at 539). Therefore, unless there is a serious risk that a specific trial right of one of the defendants will be violated or that the jury will be unable to render a fair judgment as to each of the defendants, severance will be denied and joinder is proper. Id. (quoting Zafiro, 506 U.S. at 539). Furthermore, "Rule 14 does not require severance even if prejudice is shown" and less intrusive remedies are preferred. Zafiro, 506 U.S. at 538–39; Simmons, 431 F.Supp.2d at 66. For severance to be granted, "defendants face a 'heavy burden': they must show that the threatened prejudice exists and can be remedied by severance alone." Simmons, 431 F.Supp.2d at 66 (citations omitted).

In this case, Defendant moves for severance of his trial from that of his alleged co-conspirators, and he "moves the Court for an order severing Counts 1 and 15 from Counts 9, 10, 11, and 12 from the trial of this cause."[1] Dkt. Nos. 171, 172. Defendant argues, in both of his motions, that "severance is necessary to protect the right of Defendant to a speedy trial and is appropriate to promote a fair determination of the guilt or innocence of Defendant in this case." Dkt. No. 171, at 3; Dkt. No. 172, at 2. In his Motion to Sever Defendants, Defendant further argues that a joint trial would be prejudicial to him because the conduct with which he is charged is not of the same or

---

[1] It is unclear what exactly Defendant is requesting in his Motion to Sever Counts. The Court will assume, for purposes of this Opinion, that Defendant is asking for three separate trials in this case, including a trial for Counts 1 and 15, a trial for Counts 9, 10, 11, and 12, and a trial for all remaining Counts. The analysis is the same, however, regardless of whether Defendant is seeking two or three separate trials.

similar character as, is not based on the same act or transaction as, and is not part of a common plan or scheme with the conduct charged against the co-defendants. Dkt. No. 171, at 3. He also avers that the charges against the alleged co-defendants do not involve him. *Id.* In his Motion to Sever Counts, Defendant contends that the conduct he is alleged to have engaged in is "separate and distinct from" the conspiracy and that "[t]he conspiracy charged does not involve" him. Dkt. No. 172, at 2. Finally, Defendant presents eight factors for the Court to consider in each of his motions: he is only alleged to have committed one of 27 overt acts for the criminal enterprise, he did not "purchase[], drive[], or own[]" any of the 17 vehicles allegedly acquired as part of the criminal enterprise, he did not "own[] or purchase[]" any of the four residences which are alleged to have been used in the enterprise, "[n]one of [the $38,000,000 worth of] proceeds [subject to forfeiture] belong to Efren Flores, Jr. nor does he have a right to" those proceeds, he has no criminal history and six of the alleged co-defendants have criminal histories, he is a citizen of the United States, he is at least 14 years younger than the other defendants, and, because of the complexity of the case, his "alleged involvement could be characterized as a [sic] one paragraph in a novel." Dkt. No. 171, at 3–4; Dkt. No. 172, at 3–4.

Upon consideration of Defendant's arguments and the evidence in this case, the Court finds that Defendant has failed to carry his "heavy burden" of showing that substantial prejudice exists which can only be remedied by severance. *Webster*, 734 F.2d at 1053; *Simmons*, 431 F.Supp.2d at 66. First, and most importantly, Defendant has been indicted, along with the other defendants, for both the conspiracy charge and the criminal enterprise charge. Dkt. No. 177, at 1–2, 7–25. Therefore, there is a presumption that joinder is appropriate. *Webster*, 734 F.2d at 1052; *Simmons*, 431 F.Supp.2d at 66.

Second, all of the charges against Defendant are of a "similar character" or "are connected with or constitute parts of a common scheme or plan," and Defendant is "alleged to have participated . . . in the same series of acts or transactions" as the other defendants. FED. R. CIV. P. 8(a), (b). Not only is Defendant alleged to have been a part of the conspiracy and the criminal enterprise, but the other charges against Defendant,

for possession with intent to distribute controlled substances and possession of firearms, are consistent with the allegations upon which the conspiracy and criminal enterprise are based. *Compare* Dkt. No. 177, at 1–2, 7–25, *with id.* at 5–6. Specifically, three of the Counts for which Defendant is the sole defendant consist of one of the objects of both the conspiracy charge and the criminal enterprise charge, and the other Count is alleged to have been "in furtherance of one or more of" the three possession with intent to distribute charges against him or the conspiracy charge. *Id.* at 5–6. Additionally, the Counts in which Defendant was not indicted all involve similar crimes which relate to or form portions of the conspiracy and criminal enterprise charges, in that each of these Counts consists of a charge of possession with intent to distribute controlled substances or possession of a firearm. *Id.* at 2–5, 7. Thus, the joinder of the offenses charged against Defendant and the joinder of the co-defendants are proper under Rule 8.

Third, Defendant has presented insufficient evidence that he will be prejudiced by joinder of the counts or the defendants in this case.[2] *Simmons*, 431 F.Supp.2d at 66. Defendant presents two specific trial rights, the right to a speedy trial and the right to a fair determination of guilt or innocence, which he contends will be violated if severance is not granted. Dkt. No. 171, at 3; Dkt. No. 172, at 2. The first of these

---

[2]The Court notes that, between his two motions, Defendant provides a sum total of two citations to authority. Moreover, those cases, *Bruton v. United States*, 391 U.S. 123 (1968) and *Kotteakos v. United States*, 328 U.S. 750 (1946), are clearly distinguishable from this case. *Bruton* involved a case wherein a co-defendant's confession, which inculpated the petitioner, was admitted into evidence. 391 U.S. at 123–24. In the case, the Supreme Court held that limiting instructions were insufficient to insure a fair trial when a defendant had been directly inculpated by the confession of a co-defendant whose unredacted confession was admitted into evidence and who refused to take the testify. *Id.* at 126134–37. *Kotteakos* involved a case in which the petitioners were convicted of a single conspiracy despite the fact that the evidence proved eight separate conspiracies. 328 U.S. at 752. In that case, the Court held that the district court was erroneous in its belief that the evidence showed one interconnected conspiracy, and that the error permeated the jury instruction in the case, such that the defendants did not receive a fair trial. *Id.* at 768, 769–70. In this case, however, it is yet to be determined whether the evidence will show that one or more, or no, conspiracies existed, and the Defendant has not articulated any confessions by other defendants which inculpate him.

arguments, that Defendant's speedy trial rights will be violated, is meritless. Defendant was indicted with his alleged co-conspirators as a member in a conspiracy. Dkt. No. 177, at 1–2, 7–25. Therefore, under the terms of the Speedy Trial Act, delays resulting from the needs of co-defendants or from the sheer number of defendants or complexity of the case do not result in violations of Defendant's speedy trial rights. See 18 U.S.C. § 3161(h)(7), (8)(B)(ii). Furthermore, Defendant has not provided sufficient evidence to show that a jury will be unable to make a fair determination of his guilt or innocence unless severance is granted. The number of overt acts Defendant is alleged to have engaged in is immaterial. See, e.g., United States v. Bradsby, 628 F.2d 901, 905 (5th Cir. 1980); United States v. Enstam, 622 F.2d 857, 867, 871 (5th Cir. 1980); Burkhardt v. United States, 13 F.2d 841, 842 (6th Cir. 1926). Overt acts committed in pursuance of the conspiracy are admissible against every member of the conspiracy, and Defendant has been indicted as a member of the conspiracy. See Dkt. No. 177, 1–2, 7–25; Bradsby, 628 F.2d at 905; Enstam, 622 F.2d at 867, 871; Burkhardt, 13 F.2d at 842. For the same reason, it is immaterial whether Defendant participated in the acquisition of vehicles or owned any of the residences used for the criminal enterprise. Also for the same reason, Defendant's assertion that he had no right to the $38,000,000 which is subject to forfeiture is immaterial.[3] In addition, this assertion is conclusory. The fact that the co-defendants have criminal backgrounds which may be admissible and may be introduced by the Government is "too remote to warrant severance at this time." United States v. Abrams, 539 F.Supp. 378, 382 (S.D.N.Y. 1982). The relevance of Defendant's immigration status and age is unclear. Finally, although Defendant may not have the same degree of involvement in the conduct alleged in this case as some of the other defendants, he does not "appear[] to be charged with so minor a role that he can be considered an alleged 'silent partner' or an 'innocent dupe.'" Id. (internal citations omitted); see also Simmons, 431 F.Supp.2d at

---

[3]Defendant contends that severance is appropriate because he has no connection to the proceeds, homes, or vehicles which are subject to forfeiture in this case. Dkt. No. 171, at 3; Dkt. No. 172, at 3. Defendant carefully avoids, however, any mention of the land and improvements that he purchased which are allegedly subject to forfeiture. Dkt. No. 177, at 25.

69–70. Thus, the Court "cannot say at the present time that [Defendant] will be unduly prejudiced by a trial with those who are charged with . . . greater roles." *Id.*

Finally, any prejudice that may arise against Defendant "can be remedied by means short of a severance." *Id.* at 383; *Zafiro*, 506 U.S. at 539. Given all of the evidence at this stage in the case, "careful instructions should be able to neutralize any 'spillover' which might occur" if evidence is admitted against the other defendants which would not be admissible against Defendant. *Abrams*, 539 F.Supp. at 382.

Based on the foregoing, the Court **DENIES** Defendant Efren Flores, Jr.'s Motion to Sever Defendants and **DENIES** Defendant Efren Flores, Jr.'s Motion to Sever Counts. Dkt. Nos. 171, 172. Nonetheless, the Court "will continu[e] to monitor the entire trial for prejudice and [will] order severance if such prejudice does arise." United States v. Berkowitz, 662 F.2d 1127, 1132 (5th Cir. 1981) (citing Schaffer v. United States, 362 U.S. 511, 516 (1960); United States v. Clark, 480 F.2d 1249, 1252 (5th Cir. 1973)).

DONE at Brownsville, Texas, this 9 day of March, 2007.

Hilda G. Tagle
United States District Judge