IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
APR 1 6 2007
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. B-06-801-S3 |
| (1) ELOY SANCHEZ GUERRERO, | § | |
| (2) DAVID GUERRA, | § | |
| (3) ROBERTO GUERRA, | § | |
| (4) VICTOR HUGO VASQUEZ CORONA, | § | |
| (5) EFREN FLORES, JR., | § | |
| (6) VICENTE SANCHEZ GUERRERO | § | |

## MEMORANDUM ORDER

BE IT REMEMBERED that on April 16, 2007, the Court conducted a hearing regarding Defendant Roberto Guerra's ("Defendant") Motion for Leave to Appear as Counsel, Defendant's Motion to Substitute Attorney Jaime Jerry Munoz, and Defendant's Motion to Continue Trial. Dkt. Nos. 216–218. Upon consideration of the arguments of counsel and of the facts, the Court determined that Defendant has no attorney and therefore that Jaime Munoz could not be substituted as counsel for Defendant, that Jaime Munoz should be allowed to appear on Defendant's behalf, and that a continuance was necessary. Therefore, the Court dismissed Defendant's motion to substitute as moot, granted Defendant's motion for Jaime Munoz to appear as counsel, and granted Defendant's motion for a continuance. This Memorandum Order memorializes those rulings.

On April 12, 2007, the Court granted a motion filed by Defendant's previous counsel, Thomas Bevans, to withdraw from this case. As a result, Defendant was left without representation. Therefore, Defendant was given until Monday, April 16, 2007 to procure new counsel. Thus, Defendant's motion to substitute was **DISMISSED** as moot, because Defendant was no longer represented by Mr. Bevans, and Defendant's

motion to allow Jaime Munoz to appear was **GRANTED**. Dkt. Nos. 216, 217.

Furthermore, Mr. Munoz is just now appearing on behalf of Defendant to represent him in a criminal matter involving investigations which span a course of approximately 20 years, which include numerous investigations, and which involve thousands of evidentiary items, including documents, weapons, and drugs. Therefore, a continuance is necessary in this case so that Defendant's new counsel may have an opportunity to effectively prepare for trial. Furthermore, the Court finds that a denial of Defendant's motion for continuance would result in a miscarriage of justice and would deny his counsel reasonable time for effective preparation, regardless of whether he exercises due diligence. *See* 18 U.S.C. § 3161(h)(8)(B)(i), (iv). Therefore, the Court **GRANTED** Defendant's motion for continuance. Dkt. No. 218. Nonetheless, this continuance only applies to the final pretrial conference, jury selection, and trial dates for this case. All motion hearings and other deadlines in this case are unaffected by the granting of Defendant's motion for a continuance.

Finally, the Court addressed Defendant's oral motion for leave to file late motions. The Court **GRANTED** this motion. Defendant is permitted to file any motions he believes are necessary and proper by no later than Monday, April 23, 2007. The Government may then respond to these motions by Tuesday, April 24, 2007, at 5:00 p.m. These motions, if any are filed, will be heard by the Court on Wednesday, April 25, 2007, at 9:00 a.m. Defendant, his counsel, and the Government's counsel are hereby **ORDERED** to attend this hearing.

DONE at Brownsville, Texas, this 16 day of April, 2007.

_____
Hilda G. Tagle
United States District Judge